IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| SALIM HAJIANI, | |
| Plaintiff | CIVIL ACTION NO: |
| Vs. | 5:18-CV-301 |
| MINES ENTERPRISES LLC, MARK MINES AND KAY SUE DALTON, | |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff Salim Hajiani, and files this lawsuit against defendant mines enterprises LLC; mark mines and kay sue dalton and shows the following:

### NATURE OF COMPLAINT

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks liquidated and actual damages for defendants failure to pay state and federal minimum wages and federally mandated wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. _ 201 *et seq.*

3. Plaintiff further brings this action under Georgia Wage Laws for failure to pay Plaintiff wages due, and for breach of contract and unjust enrichment under Georgia common law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. _ 1331 and 1332 because their action involves a federal question, 29 U.S.C _ 216 (b).

5. At all relevant times, defendant was and is regularly engaged in interstate commerce and was and is an employer within the meaning of the FLSA _ 7, 29 U.S.C. _ 206-07 and at all material times, defendant has been and is an enterprise within the meaning of _ 3® and _ 3(s)(1) of the FLSA.

6. All actions, events, and omissions giving rise to the claim occurred in Georgia.

7. A substantial amount of the events or omissions giving rise to the claim occurred at 546 east Third Street, Jackson, GA 30233.

8. This court has personal jurisdiction over all parties.

9. Venue is proper in this Court.

## PARTIES AND FACTS

10. Plaintiff is a resident of Georgia and worked for the defendants. Plaintiff was an "employee" (as defined under FLSA _ 3 (e) ) for defendants. He performed nonexempt labor for the defendants during his employment. Defendants conduct business in the middle district of Georgia.

11. Plaintiff began employment with the defendants on or after 2015. Defendants assigned him work at 546 east Third Street, Jackson, GA 30233.

12. Plaintiff frequently worked for more than 40 hours per week.

13. However, for worked performed defendants did not pay all wages due to Plaintiff. During that time Plaintiff worked for over forty (40) hours in a workweek. Yet, defendants did not pay the overtime wage differential required by FLSA _ 7, 29 U.S.C. _ 207.

14. Plaintiff was terminated from his employment with defendants because he demanded for his wages and overtime wages.

15. Defendant is a private employer engaged in interstate commerce, and its gross revenue exceed $500,000 per year. Defendant is an "employer" within the definition of FLSA _ 3(d), 29 U.S.C. _ 203(e) and governed by and subject to FLSA 29 U.S.C. __ 204 and 207.

16. As a direct consequence of defendant's failure to pay Plaintiff in accordance with the law, he has suffered severe financial loss.

17. Defendant's intentional, knowing and willful violation of Georgia and Federal law caused Plaintiff to suffer economic damages.

## COUNT I

MINIMUM WAGE FAIR LABOR STANDARDS ACT 29 U.S.C. _ 201, ET. SEQ.

18. The above paragraphs are incorporated by reference as if fully set forth herein.

19. The claim arises from defendant's willful violation of the fair labor standards Act, 29 U.S.C. _ 201 et. Seq., for failure to pay a minimum wage to Plaintiff.

20. At all times relevant defendant has been, and continues to be, "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. _ 201, et. Seq.

21. At all times relevant, defendant has employed and continue to employ, employees, including Plaintiff and each of the members of the FLSA collective, who engage or engaged in commerce or in the production of goods for commerce.

22. At all times relevant, upon information and belief, defendants has had an

annual gross volume of sales made or business done in excess of $500,000.00

23. The minimum wage provision of the FLSA, 29 U.S.C. _ 201, et. seq., apply to defendants. Pursuant to the FLSA, 29 U.S.C. _ 206, Plaintiff was entitled to be compensated at a rate of $7.25 per hour beginning his employment.

## COUNT II

VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. _ 201, ET. SEQ.

24. Plaintiff re alleges and incorporates herein all preceding paragraphs of this complaint as if fully stated herein.

25. Plaintiff worked for over forty hours in some weeks for defendant. Yet, defendant did not pay Plaintiff all wages due to him.

26. Defendant's did not paid Plaintiff one and a half times his regular rate of pay when Plaintiff worked for oer forty hours in a given workweek.

27. Defendant's knew that it failed to pay Plaintiff the minimum wage and failed to pay overtime at the required rate under the Fair Labor Standards Act.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. _ 255.

29. Plaintiff seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. _ 216 (b), interest, and

such other legal and equitable relief as the Court deems proper.

30. Plaintiff seeks recovery of attorney fees and costs to be paid by defendants as provided by the FLSA, 29 U.S.C. _ 216(b).

## COUNT III

## VIOLATION OF GEORGIA MINIMUM WAGE LAW

## O.C.G.A. _ 34-4-1

31. Plaintiff hereby incorporates by reference paragraphs 1-30 of this complaint

32. Under the Georgia minimum wage law Plaintiff was a covered employee. As a result, defendant was to pay Plaintiff a minimum wage of not less than $5.15 per hour for each hour worked in the employment.

33. Defendant failed to pay Plaintiff for all the wages due then, pursuant to Georgia law.

34. Under this count, Plaintiff is entitled to his original wages, liquidated damages, costs and attorney's fees.

## COUNT IV

## EQUITY/UNJUST ENRICHMENT

35. Plaintiff hereby incorporates by reference paragraphs 1-34 in this

complaint.

36. Defendant receied the benefit of Plaintiff's work, without compensating Plaintiff. As a matter of equity, defendant should not be allowed to prosper at the expense of Plaintiff.

37. The money defendant owed Plaintiff as wages, all inured directly to defendants benefit by its nonpayment for work done and time spent for defendants benefit. Plaintiff should have what he is entitled to in equity, by quantum merit, and defendant should not unjustly enriched by its nonpayment of wages.

## COUNT V

### BREACH OF CONTRACT

38. Plaintiff hereby incorporates by reference paragraph 1-37 of this complaint

39. Defendant entered into a contract with Plaintiff to pay him wages for all work done and time spent for defendants benefit.

40. Defendants breached this contract by failing to pay Plaintiff all wages due for the benefit given to defendants.

41. Plaintiff is an at will employee. The law implies that a contract for payment of wages exists by the nature of the employer/employee relationship.

42. Defendants used a common course of conduct which caused Plaintiff not to be paid wages due. The common course of conduct constituted a breach of

contract.

43. Plaintiff was injured by defendants breach of contract to pay wages.

44. Defendants action were intentional, willful, malicious, and in reckless Disregard for the rights of Plaintiff.

## COUNT VI

### FLSA RETALIATION

45. Plaintiff hereby incorporates by reference paragraphs 1-44 of this complaint.

46. Defendants terminated the Plaintiff's employment because Plaintiff complained to them about not receiving overtime pay.

47. Defendants discouraged other prospective employers from hiring Plaintiff because Plaintiff made a claim for overtime pay.

48. Defendants willfully violated the non-retaliation provision of the FLSA and are liable to Plaintiff for damages, attorney fees, and costs of litigation.

## COUNT VII

### DEFAMATION

49. Plaintiff hereby incorporates by reference paragraphs 1-48 in this complaint.

50. Defendants statement that Plaintiff is a bad employee is false.

51. Defendants statement that Plaintiff is a bad employee is stigmatizing to Plaintiff and is damaging his reputation.

52. Defendants made this statement to other prospective employers.

53. Defendants action constitute slander under O.C.G.A. _ 51-5-4 and/or libel under O.C.G.A. _ 51-5-1 and defendants are liable to Plaintiff for damages thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against defendants as follows:

A. Judgment against defendants for an amount equal to Plaintiff's unpaid back wages and overtime pay;

B. Judgment against defendants for emotional distress damages, punitive and/or liquidated damages, and all other damages available at law, as applicable;

C. Judgment against defendants that their violations of the FLSA were willful, which includes double damages;

D. An equal amount to Plaintiff's damages as liquidated damages;

E. An award of prejudgment and post-judgment interest;

F. All costs and attorney fees incurred in prosecuting these claims;

G. Assume Jurisdiction over this action.

H. Any further relief that is just and appropriate be granted to the Plaintiff.

### DEMAND FOR JURY TRIAL

Pursuant to rule 38(b) of the federal rules of civil procedure, Plaintiff demands a trial by jury.

This is the 10th day of August 2018.

Respectfully Submitted,

Salim Hajiani

P.O. Box 642

Barnesville, GA 30204